IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-14-2556 |
| $11,259 in U.S. CURRENCY | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Now pending before the Court is the GOVERNMENT'S MOTION TO VOLUNTARILY DISMISS AND FOR FINDING ON DISPOSITION OF PROPERTY (ECF No. 18). The Motion is GRANTED and the Clerk is directed to CLOSE this case.

The Government's Motion raises the question of how the defendant property should be disposed of in light of the dismissal of this action. Two claimant's, Venitta McKnight and Willie James Murphy, Jr., each claim to be the owner of the seized funds. The Court concludes that pursuant to the opinion deciding In Re Matthews, 395 F. 3d 477 (4th Cir. 2005), it should determine the "*status quo ante*" of the defendant property, *i.e.*, determine who possessed the property immediately prior to the seizure and thus, to whom the property should be returned upon dismissal of this case. The Court does not purport to determine "ownership" of the property.

Upon the record before it the Court is persuaded that claimant McKnight makes the stronger and more persuasive case. Claimant Murphy suggests that the cash was his and that it reflected recent lottery winnings. (ECF No. 20). Claimant McKnight counters that the money was in her possession as her children and sister had recently repaid loans and she had been paid

money in other transactions.  (ECF No. 19).  Ms. McKnight's claim is set out in detail (*see* ECF Nos. 18-2; 19).  She contends that the money was stored in envelopes that bore certain notations recording the dates of transactions and repayments from her children.  These notations are consistent with writings that the seizing officers noted when they took the money in the first place.  Most importantly, claimant Murphy stated in his motion for return of the property filed in November, 2014, that:  "the envelopes that the government mentioned in their complaint does [*sic*] in fact have number's written on the back of them.  My then girlfriend would keep track of the money that she lent to her daughter and how much she owed on the loan."  (ECF No. 9, pg. 5).

Accordingly, the defendant property ($11,259 in US Currency) shall be returned forthwith to claimant Venitta McKnight as the Court finds that the property's "*status quo ante*" was possession by Ms. McKnight.

DATED this _5th_ day of June, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge